IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-41663-TLS |
| | ) | |
| LORI A. IWANSKI, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on April 8, 2009, on the Chapter 7 Trustee's Motion for Turnover of Property (Fil. #20), a Resistance by Debtor (Fil. #22), and a Resistance by Kevin L. Gregory (Fil. #21). William J. Neiman appeared for Debtor and Kevin L. Gregory, Joseph H. Badami appeared as the Chapter 7 Trustee, and Joel Bacon appeared on behalf of Farm Bureau Bank, FSB.

This Chapter 7 proceeding was filed on July 24, 2008. Debtor's bankruptcy schedules list ownership of a 2008 GMC Acadia automobile with a scheduled value of $35,000.00, although the parties acknowledged at the hearing that the value of the vehicle is probably $20,000.00 to $22,000.00. The vehicle is owned by Debtor and Kevin L. Gregory. Both of their names appear on the certificate of title.

Ms. Iwanski and Mr. Gregory purchased the vehicle on September 29, 2007, and the title was issued on October 19, 2007. A lien in favor of Farm Bureau Bank, FSB ("Farm Bureau") was notated on the title on May 5, 2008. The indebtedness to Farm Bureau is in the approximate sum of $35,000.00.

The Chapter 7 Trustee has commenced an adversary proceeding (Case No. A08-04089-TLS) seeking to avoid the lien of Farm Bureau as to the interest of Ms. Iwanski as an avoidable preference. At the hearing on this matter, the attorney for Farm Bureau acknowledged on the record that Farm Bureau's lien is avoidable as to the interest of Ms. Iwanski.

The Chapter 7 Trustee seeks turnover of the vehicle for purposes of sale. The Chapter 7 Trustee proposes to divide the net proceeds equally, with one-half (representing Ms. Iwanski's interest in the vehicle) being retained by the estate and the other one-half being paid to Farm Bureau on account of Mr. Gregory's interest in the vehicle.

11 U.S.C. § 363(h) provides as follows:

> [T]he trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –

     (1) partition in kind of such property among the estate and such co-owners is impracticable;
     (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
     (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
     (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

  The parties have raised no dispute with respect to subparagraphs (1), (2), and (4) of 11 U.S.C. § 363(h). Instead, the dispute centers around subparagraph (3). Debtor and Mr. Gregory assert that the detriment to Mr. Gregory from a sale of the vehicle far outweighs the benefit to the estate. Although no evidence was presented as to the vehicle's potential sale value, the parties at the hearing acknowledged that the vehicle is not likely to produce more than $22,000.00 in sale proceeds. In such event, the net proceeds to the estate would not exceed $11,000.00.

  As indicated previously, the schedules reflect an indebtedness owed to Farm Bureau in the approximate amount of $35,000.00. There does not appear to be any other collateral for that loan. If Mr. Gregory's share of the vehicle sale proceeds of approximately $11,000.00 are subtracted from that loan balance, Mr. Gregory will remain liable for approximately $24,000.00 due to Farm Bureau. The detriment to Mr. Gregory is that he would no longer have the vehicle, Ms. Iwanski would be discharged from liability, and Mr. Gregory would still owe Farm Bureau over $24,000.00. Under those circumstances, it is apparent that the detriment to Mr. Gregory clearly outweighs the benefit to the estate of a sale of his co-owner's interest in the vehicle.

  IT IS, THEREFORE, ORDERED that the Chapter 7 Trustee's Motion for Turnover of Property (Fil. #20) is denied.

  DATED: April 16, 2009.

             BY THE COURT:

             /s/ Thomas L. Saladino
             Chief Judge

Notice given by the Court to:
    William J. Neiman
    *Joseph H. Badami
    Joel Bacon
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.